UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff | ) | |
| | ) | |
| V. | ) | CIVIL NO.  05-30079-MAP |
| | ) | |
| BERNARD M. ALBERT, | ) | |
| Defendant | ) | |

## **COMPLAINT FOR REPOSSESSION OF COLLATERAL**

NOW comes the United States of America by its attorneys, Michael J. Sullivan, United

States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United

States Attorney, and demands an order requiring the defendant to turn over to the plaintiff certain

equipment which secures a debt owed by defendant to the plaintiff, as more fully set forth in the

following paragraphs.

1.     The District Court has jurisdiction over this action pursuant to 28 U.S.C. 1345.

2.     The plaintiff is the United States of America, acting through the Farm Service

Agency, formerly the Farmers Home Administration, United States Department of

Agriculture (hereinafter "FSA").

3.     The defendant is Bernard M. Albert (hereinafter "Albert"), is an adult individual

who resides at 18 Williamsburg Road, Worthington, Massachusetts 01098.

4.     On or about September 19, 1978, FSA loaned to Albert the sum of $423,980

pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. 1921

Note, as amended.  The loan was rescheduled several times, most recently on

October 10, 1989, as evidenced by a promissory note in the face amount of

$344,902.99.  A copy of said note is attached hereto as Exhibit A.

5.     On or about September 19, 1978, FSA loaned to Albert the additional sum of
$250,000 pursuant to the Emergency Agricultural Credit Adjustment Act, as
amended. The loan was also rescheduled several times, most recently on
October 10, 1989, as evidenced by a promissory note in the face amount of
$145,817.16. A copy of said note is attached hereto as Exhibit B.

6.     On or about August 6, 1980, FSA loaned to Albert the sum of $112,000 pursuant
to the Emergency Agricultural Credit Adjustment Act, as amended. The loan was
rescheduled several times, most recently on October 10, 1989, as evidenced by a
promissory note in the face amount of $115,428.90. A copy of said note is
attached hereto as Exhibit C.

7.     On or about July 31, 1985, FSA loaned to Albert the sum of $200,000 pursuant to
the Consolidated Farm and Rural Development Act, 7 U.S.C. 1921 Note, as
amended. The loan was rescheduled several times, most recently on October 10,
1989, as evidenced by a promissory note in the face amount of $122,358.35. A
copy of said note is attached hereto as Exhibit D.

8.     On or about April 12, 1985, FSA loaned to Albert the sum of $240,000 pursuant
to the Consolidated Farm and Rural Development Act, 7 U.S.C. 1921 Note, as
amended. The loan was rescheduled several times, most recently on October 10,
1989, as evidenced by a promissory note in the face amount of $206,975.17. A
copy of said note is attached hereto as Exhibit E.

9.     On or about September 28, 1984, FSA loaned to Albert the sum of $88,350
pursuant to the Consolidated Farm and Rural Development Act, 7 U.S.C. 1921
Note, as amended. The loan was rescheduled several times, most recently on

October 10, 1989, as evidenced by a promissory note in the face amount of $85,540.66. A copy of said note is attached hereto as Exhibit F.

10.    On or about May 15, 1984, FSA loaned to Albert the sum of $200,000 pursuant to the Emergency Agricultural Credit Adjustment Act, as amended. The loan was rescheduled several times, most recently on October 10, 1989, as evidenced by a promissory note in the face amount of $195,146.50. A copy of said note is attached hereto as Exhibit G.

11.    To secure the repayment of the loans, Albert executed and delivered to FSA a series of security agreements, essentially identical to each other, which covered, *inter alia*, "all farm and other equipment...and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto...." A copy of the most recent security agreement is attached hereto as Exhibit H.

12.    To perfect the security interest created by the security agreements, Albert executed and delivered to FSA a financing statement, which was duly filed in the Clerk's Office of the Town of Worthington, was duly continued by continuation statements and duly filed in the Office of the Secretary of State as an "in lieu" filing on November 30, 2001. Copies of the said financing statements are attached hereto as Exhibit I.

13.    Albert has defaulted on the notes and security agreements by failing to make payments of principal and interest as required by those documents. FSA accelerated the debt on October 4, 2001. FSA has offered defendant all servicing required by FSA regulations.

14.    The amount due and owing to FSA is $1,956,195.49 as of March 2, 2005,

consisting of $978,991.41 in principal and $977,204.08 in interest, with interest

accruing from that date at the rate of $209.1113 per diem, as set forth in the

affidavit of indebtedness attached hereto as Exhibit J.

15.    The debt far exceeds the value of the collateral, and Albert has no equity in the

equipment.


WHEREFORE, plaintiff demands judgment against defendant in the amount of

$1,956,195.49 plus interest to the date of payment and an order granting to plaintiff possession of

all farm and other equipment pledged to plaintiff by defendant.


UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney


By:    CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATE: 3/23/05

**EXHIBIT**

**A**

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

PROMISSORY NOTE

| KIND OF LOAN | | |
|---|---|---|
| Type: E.M. | ☐ Regular | |
| | ☐ Limited Resource | |

Pursuant to:
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

| Name | |
|---|---|
| BERNARD M. ALBERT | |

| State | County |
|---|---|
| MASSACHUSETTS | HAMPSHIRE |

| Case No. | Date |
|---|---|
| 25-008-████8784 | OCTOBER 10, 1989 |

| Fund Code | Loan No. |
|---|---|
| 43 | 32 |

| ACTION REQUIRING NOTE | | |
|---|---|---|
| ☐ Initial loan | ☒ Rescheduling | |
| ☐ Subsequent loan | ☐ Reamortization | |
| ☐ Consolidated & subsequent loan | ☐ Credit sale | |
| | ☐ Deferred payments | |
| ☐ Consolidation | ☐ Debt write down | |
| ☐ Conservation easement | | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in HADLEY, MASSACHUSETTS 01035

_____, or at such other place as the Government may later designate in writing, the principal sum of

Three Hundred Forty Four Thousand Nine Hundred Two and 99/100----------------- dollars

($344,902.99 ), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND ONE HALF _____ percent (4.50 %) per annum and

TWELVE THOUSAND EIGHT HUNDRED EIGHTY FIVE AND 89/100----- dollars ($12,885.89 )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in 29 installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
|---|---|---|---|---|---|
| $ 0.00 | on 01/01/90 | ; $ 0.00 | on 01/01/91 | ; |
| $ 0.00 | on 01/01/92 | ; $ 0.00 | on 01/01/93 | ; |
| $ 0.00 | on 01/01/94 | ; $ 27,566.00 | on 01/01/95 | ; |
| $ N/A | on _____ | ; $ N/A | on _____ | ; |
| $ N/A | on _____ | ; $ N/A | on _____ | ; |
| $ N/A | on _____ | ; $ N/A | on _____ | ; |
| and $ 27,566.00 | | thereafter on 01/01 | | |

of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 29 yrs from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*ALBERT, BERNARD M*

*Ex. Position 2   A*

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/25 | $333,570.73 | 5 % | APRIL 28 , 1988 | A.E. ALBERT&SONS, INC | APRIL 28 , 1998 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in con-

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_
_____
BERNARD M. ALBERT                                (Borrower)

_Bernard M. Albert_
_____
BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

_____

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

☆U.S. GOVERNMENT PRINTING OFICE: 1989-654-054/80018

*Position 2*

FmHA 1940-17 (12-88)

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

**EXHIBIT**

**B**

PROMISSORY NOTE

| | KIND OF LOAN |
|---|---|
| | Type: __E.M.__   ☐ Regular |
| | ☐ Limited Resource |

**Name**
BERNARD M. ALBERT

**Pursuant to:**
☒ Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

**State**
MASSACHUSETTS

**County**
HAMPSHIRE

**ACTION REQUIRING NOTE**
☐ Initial loan          ☒ Rescheduling
☐ Subsequent loan    ☐ Reamortization

**Case No.**
25-008-████8784

**Date**
OCTOBER 10, 1989

☐ Consolidated & subsequent loan    ☐ Credit sale
                                     ☐ Deferred payments

**Fund Code**
43

**Loan No.**
33

☐ Consolidation        ☐ Debt write down
☐ Conservation easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in __HADLEY, MASSACHUSETTS 01035__

_____, or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED FORTY FIVE THOUSAND EIGHT HUNDRED SEVENTEEN AND 16/100---------- dollars

($ __145,817.16__ _____), plus interest on the unpaid principal balance at the **RATE** of

__THREE__ _____ percent ( __3__ %) per annum and

THREE THOUSAND THREE HUNDRED TWELVE AND 25/100------- dollars ($ __3,312.25__ )

of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __29__ _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | |
|---|---|---|---|---|
| $ __0.00__ | on __01/01/90__ | ; $ __0.00__ | on __01/01/91__ | ; |
| $ __0.00__ | on __01/01/92__ | ; $ __0.00__ | on __01/01/93__ | ; |
| $ __0.00__ | on __01/01/94__ | ; $ __9,661.00__ | on __01/01/95__ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | on _____ | ; |

and $ __9,661.00__ _____ thereafter on __01/01/__ of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __29 yrs__ from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*ALBERT, BERNARD M.*

*Ex. Position 2 B*

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrue during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/24 | $142,904.27 | 3 % | APRIL 28 , 1988 | A.E.ALBERT&SONS, INC | APRIL 28 , 1998 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_

BERNARD M. ALBERT                                             (Borrower)

_Bernard M. Albert_

BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

**C**

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

PROMISSORY NOTE

| KIND OF LOAN | |
|---|---|
| Type: E.M. | ☐ Regular |
| | ☐ Limited Resource |

| Name | |
|---|---|
| BERNARD M. ALBERT | |

| State | County |
|---|---|
| MASSACHUSETTS | HAMPSHIRE |

| Case No. | Date |
|---|---|
| 25-008-▓▓▓8784 | OCTOBER 10, 1989 |

| Fund Code | Loan No. |
|---|---|
| 43 | 37 |

Pursuant to:
XX Consolidated Farm & Rural Development Act
☐ Emergency Agricultural Credit Adjustment Act of 1978

ACTION REQUIRING NOTE
☐ Initial loan          XX Rescheduling
☐ Subsequent loan    ☐ Reamortization
☐ Consolidated &      ☐ Credit sale
   subsequent loan     ☐ Deferred payments
☐ Consolidation       ☐ Debt write down
☐ Conservation
   easement

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in HADLEY, MASSACHUSETTS 01035 _____

_____, or at such other place as the Government may later designate in writing, the principal sum of

ONE HUNDRED FIFTEEN THOUSAND FOUR HUNDRED TWENTY EIGHT AND 90/100------------ dollars

($ 115,428.90 _____), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND ONE HALF _____ percent (____4.50____ %) per annum and

FOUR THOUSAND THREE HUNDRED TWELVE AND 53/100------- dollars ($ 4,312.53 _____) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in 31 _____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| $ | | on | | ; $ | | on | |
|---|---|---|---|---|---|---|---|
| $ 0.00 | | on 01/01/90 | ; $ | 0.00 | | on 01/01/91 | ; |
| $ 0.00 | | on 01/01/92 | ; $ | 0.00 | | on 01/01/93 | ; |
| $ 0.00 | | on 01/01/94 | ; $ | 8,787.00 | | on 01/01/95 | ; |
| $ N/A | | on | ; $ | N/A | | on | ; |
| $ N/A | | on | ; $ | N/A | | on | ; |
| $ N/A | | on | ; $ | N/A | | on | ; |

and $ 8,787.00 _____ thereafter on 01/01 of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 31 yrs _____ from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*ALBERT, BERNARD M.*

Ex. _____ C

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s) (new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/26 | $111,636.33 | 5 % | APRIL 28 , 1988 | A.E. ALBERT&SONS, INC | APRIL 28 , 2000 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_
BERNARD M. ALBERT          *(Borrower)*

_Bernard M. Albert_
BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | $ | | $ | |
| | | | TOTAL | $ | |

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

**EXHIBIT**

**D**

tabbies

| KIND OF LOAN |
|---|
| Type: __E.M.__     ☐ Regular |
|                ☐ Limited Resource |
| Pursuant to: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

**PROMISSORY NOTE**

| | |
|---|---|
| Name<br>BERNARD M. ALBERT | |
| State<br>MASSACHUSETTS | County<br>HAMPSHIRE |
| Case No.<br>25-008-■■■8784 | Date<br>OCTOBER 10, 1989 |
| Fund Code<br>43 | Loan No.<br>35 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HADLEY, MASSACHUSETTS 01035__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__ONE HUNDRED TWENTY TWO THOUSAND THREE HUNDRED FIFTY EIGHT AND 35/100_____ dollars

($ __122,358.35__ _____), plus interest on the unpaid principal balance at the **RATE** of

__ELEVEN__ _____ percent ( __11__ %) per annum and

__SIXTEEN THOUSAND ONE HUNDRED THIRTY TWO AND 86/100_____ dollars ($ __16,132.86__ _____)
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __15__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | | |
|---|---|---|---|---|---|
| $ __18,093.00__ | on __10/10/90__ | ; $ __N/A__ | | on _____ | ; |
| $ __N/A__ | on __13/10/4__ | ; $ __N/A__ | | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | | on _____ | ; |
| $ __N/A__ | on _____ | ; $ __N/A__ | | on _____ | ; |
| and $ __18,093.00__ | | | thereafter on __10/10__ of each year until the principal and interest are fully | | |

paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __15 yrs__ from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*ALBERT BERNARD M.*

*Ex. Position 2* **D**

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/30 | $ 131,602.31 | 12.50 % | APRIL 28 , 1988 | A.E.ALBERT&SONS,INC | APRIL 28 , 19 98 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT**, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_
BERNARD M. ALBERT                                    _(Borrower)_

_Bernard M. Albert_
BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $ | |
| | | | TOTAL | $ | |

U.S. GOVERNMENT PRINTING OFICE: 1989-654-054/80018

_Position 2_

FmHA 1940-17 (12-88)

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

**EXHIBIT**

E

PROMISSORY NOTE

| KIND OF LOAN |
| --- |
| Type: __E.M.__ ☐ Regular |
| ☐ Limited Resource |
| Pursuant to: |
| XX Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| | |
| --- | --- |
| Name BERNARD M. ALBERT | |
| State MASSACHUSETTS | County HAMPSHIRE |
| Case No. 25-008-▮▮▮8784 | Date OCTOBER 10, 1989 |
| Fund Code 43 | Loan No. 36 |

| ACTION REQUIRING NOTE | |
| --- | --- |
| ☐ Initial loan | X Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HADLEY, MASSACHUSETTS 01035__

_____, or at such other place as the Government may later designate in writing, the principal sum of TWO HUNDRED SIX THOUSAND NINE HUNDRED SEVENTY FIVE AND 17/100—————————— dollars ($ 206,975.17 ), plus interest on the unpaid principal balance at the **RATE** of ELEVEN _____ percent ( 11 %) per annum and TWENTY SEVEN THOUSAND TWO HUNDRED EIGHT NINE AND 53/100— dollars ($ 27,289.53 ) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __15__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | | | |
| --- | --- | --- | --- | --- |
| $ 30,605.00 | on 01/01/90 | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| $ N/A | on | ; $ N/A | on | ; |
| and $ 30,605.00 | thereafter on 01/01 | | | |

of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 15 yrs from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

_Ex. Position 2 E_

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, to be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/29 | $229,659.83 | 12.50 % | APRIL 28 , 1988 | A.E.ALBERT&SONS, INC | APRIL 28 , 19 93 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_

BERNARD M. ALBERT                          *(Borrower,*

_Bernard M. Albert_

BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

### RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $     |      | $      |      | $      |      |
| $     |      | $      |      | $      |      |
| $     |      | $      |      | $      |      |
| $     |      | $      |      | $      |      |
|       |      |        | TOTAL | $     |      |

☆U.S. GOVERNMENT PRINTING OFICE: 1989-654-054/8001

**F**

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

PROMISSORY NOTE

| KIND OF LOAN |
|---|
| Type: E.M. ☐ Regular |
| ☐ Limited Resource |
| Pursuant to: |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

| Name |
|---|
| BERNARD M. ALBERT |

| State | County |
|---|---|
| MASSACHUSETTS | HAMPSHIRE |

| Case No. | Date |
|---|---|
| 25-008-███8784 | OCTOBER 10, 1989 |

| Fund Code | Loan No. |
|---|---|
| 43 | 38 |

| ACTION REQUIRING NOTE |  |
|---|---|
| ☐ Initial loan | ☒ Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture,

(herein called the "Government"), or its assigns, at its office in HADLEY, MASSACHUSETTS 01035

_____, or at such other place as the Government may later designate in writing, the principal sum of

EIGHTY FIVE THOUSAND FIVE HUNDRED FORTY AND 66/100--------------------- dollars

($ 85,540.66 ), plus interest on the unpaid principal balance at the **RATE** of

FOUR AND ONE HALF _____ percent ( 4.50 %) per annum and

THREE THOUSAND TWO HUNDRED FIFTY EIGHT AND 47/100---- dollars ($ 3,258.47 )
of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in _____35_____ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ 0.00 on 01/01/90 | ; $ 0.00 on 01/01/91 | ; |
| $ 0.00 on 01/01/92 | ; $ 0.00 on 01/01/93 | ; |
| $ 0.00 on 01/01/94 | ; $ 6,003.00 on 01/01/95 | ; |
| $ N/A on _____ | ; $ N/A on _____ | ; |
| $ N/A on _____ | ; $ N/A on _____ | ; |
| and $ 6,003.00 | thereafter on 01/01 of each year until the principal and interest are fully | |

paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable 35 yrs from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*Ex. Position 2 F*

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 43/28 | $86,087.56 | 5 % | APRIL 28 , 19 88 | A.E. ALBERT&SONS, INC | APRIL 28 , XX 2000 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the ''Kind of Loan'' block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

*Bernard M. Albert*

BERNARD M. ALBERT                                        *(Borrower)*

*Bernard M. Albert*

BERNARD M. ALBERT

HUNTINGTON ROAD

WORTHINGTON, MA 01098

**RECORD OF ADVANCES**

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
| $ |  | $ |  | $ |  |
|  |  | $ |  | $ |  |
|  |  |  | TOTAL | $ |  |

☆U.S. GOVERNMENT PRINTING OFICE: 1989-654-054/80018

*Position 2*

FmHA 1940-17 (12-88)

USDA-FmHA
Form FmHA 1940-17
(Rev. 12-88)

**EXHIBIT**

G

| KIND OF LOAN |
|---|
| Type: E.E. ☐ Regular |
| ☐ Limited Resource |
| **Pursuant to:** |
| ☒ Consolidated Farm & Rural Development Act |
| ☐ Emergency Agricultural Credit Adjustment Act of 1978 |

PROMISSORY NOTE

| Name BERNARD M. ALBERT | |
|---|---|
| State MASSACHUSETTS | County HAMPSHIRE |
| Case No. 25-008-█████8784 | Date OCTOBER 10, 1989 |
| Fund Code 29 | Loan No. 91 39 |

| ACTION REQUIRING NOTE | |
|---|---|
| ☐ Initial loan | XX Rescheduling |
| ☐ Subsequent loan | ☐ Reamortization |
| ☐ Consolidated & subsequent loan | ☐ Credit sale |
| | ☐ Deferred payments |
| ☐ Consolidation | ☐ Debt write down |
| ☐ Conservation easement | |

FOR VALUE RECEIVED, the undersigned Borrower and any cosigners jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government"), or its assigns, at its office in __HADLEY, MASSACHUSETTS 01035__

_____, or at such other place as the Government may later designate in writing, the principal sum of

__ONE HUNDRED NINTY FIVE THOUSAND ONE HUNDRED FORTY SIX AND 50/100——————__ dollars

($ __195,146.50__ ), plus interest on the unpaid principal balance at the **RATE** of

__EIGHT AND ONE HALF__ percent ( __8.50__ %) per annum and

_____ N/A _____ dollars ($ __N/A__ ) of Noncapitalized interest. If this note is for a Limited Resource loan (indicated in the "Kind of Loan" box above) the Government may **CHANGE THE RATE OF INTEREST**, in accordance with regulations of the Farmers Home Administration, not more often than quarterly, by giving the Borrower thirty (30) days prior written notice by mail to the Borrower's last known address. The new interest rate shall not exceed the highest rate established in regulations of the Farmers Home Administration for the type of loan indicated above.

Principal and interest shall be paid in __16__ installments as indicated below, except as modified by a different rate of interest, on or before the following dates:

| | | |
|---|---|---|
| $ __23,502.00__ on __10/10/90__ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on __BM/A__ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on _____ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on _____ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on _____ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on _____ | ; $ __N/A__ on _____ ; |
| $ __N/A__ on _____ | ; $ __N/A__ on _____ ; |

and $ __23,502.00__ thereafter on __10/10__ of each year until the principal and interest are fully paid except that the final installment of the entire debtedness evidenced hereby, if not sooner paid, shall be due and payable __15 yrs__ from the date of this note, and except that prepayments may be made as provided below. The consideration for this note shall also support any agreement modifying the foregoing schedule of payments.

If the total amount of the loan is not advanced at the time of loan closing, the loan funds shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval by the Government will be given provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown in the Record of Advances at the end of this note. Borrower authorizes the Government to enter the amount(s) and date(s) of such advance(s) in the Records of Advances.

For each rescheduled, reamortized or consolidated note, interest accrued to the date of this instrument which is more than 90 days overdue shall be added to principal and such new principal shall accrue interest at the rate evidenced by this instrument.

*Position 2*

FmHA 1940-17 (12-88)

Every payment made on any indebtedness evidenced by this note shall be applied first to a portion of any interest which accrues during the deferral period, second to accrued interest to the date of the payment on the note account and then to the principal.

Prepayments of scheduled installments, or any portion of these installments, may be made at any time at the option of the Borrower. Refunds and extra payments, as defined in the regulations (7 CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the last installments to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled in this note.

If the Government at any time assigns this note and insures the payment of it, Borrower shall continue to make payments to the Government as collection agent for the holder. While this note is held by an insured holder, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on an installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between such date and the date of the Treasury check to the holder.

Any amount advanced or expended by the Government for the collection of this note or to preserve or protect any security for the loan or otherwise expended under the terms of any security agreement or other instrument executed in connection with the loan evidenced by this note, at the option of the Government shall become a part of and bear interest at the same rate as the principal of the debt evidenced by this note and be immediately due and payable by Borrower to the Government without demand.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced by this note shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower will operate such property as a farm if this is a Farm Ownership loan.

If "Consolidation and subsequent loan," "Debt write down," "Consolidation," "Rescheduling," or "Reamortization" is indicated in the "Action Requiring Note" block above, this note is given to consolidate, reschedule or reamortize, but not in satisfaction of the unpaid principal and interest on the following described note(s) or assumption agreement(s)(new terms):

| FUND CODE/ LOAN NO. | FACE AMOUNT | INT. RATE | DATE | ORIGINAL BORROWER | LAST INSTALL. DUE |
|---|---|---|---|---|---|
| 29/19 | $195,146.50 | 10.250 % | 04/12/.88 , 19 | A.E. ALBERT & SONS INC | 04/12/ , 19 2000 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |
| | $ | % | , 19 | | , 19 |

Security instruments taken in connection with the loans evidenced by these described notes and other related obligations are not affected by this consolidating, rescheduling or reamortizing. These security instruments shall continue to remain in effect and the security given for the loans evidenced by the described notes shall continue to remain as security for the loan evidenced by this note, and for any other related obligations.

**REFINANCING (GRADUATION) AGREEMENT:** If at any time it shall appear to the Government that the Borrower may be able to obtain financing from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan(s) in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock.

**HIGHLY ERODIBLE LAND AND WETLAND CONSERVATION AGREEMENT:** Borrower recognizes that the loan described in this note will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity as further explained in 7 CFR Part 1940, Subpart G, Exhibit M. If (1) the term of the loan exceeds January 1, 1990, but not January 1, 1995, and (2) Borrower intends to produce an agricultural commodity on highly erodible land that is exempt from the restrictions of Exhibit M until either January 1, 1990, or two years after the Soil Conservation Service (SCS) has completed a soil survey for the Borrower's land, whichever is later, the Borrower further agrees that, prior to the loss of the exemption from the highly erodible land conservation restrictions found in 7 CFR Part 12, Borrower must demonstrate that Borrower is actively applying on that land which has been determined to be highly erodible, a conservation plan approved by the SCS or the appropriate conservation district in accordance with SCS's requirements. Furthermore, if the term of the loan exceeds January 1, 1995, Borrower further agrees that Borrower must demonstrate prior to January 1, 1995, that any production of an agricultural commodity on highly erodible land after that date will be done in compliance with a conservation system approved by SCS or the appropriate conservation district in accordance with SCS's requirements.

**DEFAULT:** Failure to pay when due any debt evidenced by this note or perform any covenant of agreement under this note shall constitute default under this and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such debt; and default under any such other instrument shall constitute default under this note. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farm and Rural Development Act, or the Emergency Agricultural Credit Adjustment Act of 1978 and for the type of loan as indicated in the "Kind of Loan" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions of this note.

Presentment, protest, and notice are waived.

(SEAL)

_Bernard M. Albert_
BERNARD M. ALBERT                                             (Borrower)

_Bernard M. Albert_
BERNARD M. ALBERT (INDIVIDUAL)

HUNTINGTON ROAD

WORTHINGTON, MA 01098

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|--------|------|--------|------|--------|------|
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| $ | | $ | | $ | |
| | | | | $ | |
| | | | TOTAL | $ | |

☆U.S. GOVERNMENT PRINTING OFICE: 1989-654-054/80018

*Position 2*                                              FmHA 1940-17 (12-88)

USDA-FmHA
Form FmHA 440-4
(Rev. 6-21-83)

**SECURITY AGREEMENT**
**(CHATTELS AND CROPS)**



EXHIBIT

H

I.  THIS SECURITY AGREEMENT, dated ___APRIL 12, 1985___, 19 ___, is made between the United States of America

acting through the Farmers Home Administration (herein called Secured Party) and __A.E. ALBERT & SONS, INC.__

~~XXX~~ BY BERNARD M. ALBERT, PRESIDENT _____ (herein called Debtor), whose mailing address is

HUNTINGTON RD., WORTHINGTON, MA   01098

II.  WHEREAS Debtor is justly indebted to Secured Party as evidenced by one or more certain promissory note(s) or other instrument(s), and in the future may incur additional indebtedness to Secured Party which will also be evidenced by one or more promissory note(s) or other instrument(s), all of which are herein called "note", which has been executed by Debtor, is payable to the order of Secured Party, and authorizes acceleration of the entire indebtedness at the option of Secured Party upon any default by Debtor; and

The note evidences a loan to Debtor, and Secured Party at any time, may assign the note and insure the payment thereof to any extent authorized by the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration and

It is the purpose and intent of this instrument that, among other things, at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity security agreement to secure Secured Party against loss under its insurance contract by reason of any default by Debtor; and

NOW THEREFORE, in consideration of said loan(s) and (a) at all times when the note is held by Secured Party, or in the event Secured Party should assign this instrument without insurance of the payment of the note, to secure the prompt payment of all existing and future indebtedness and liabilities of Debtor to Secured Party and of all renewals and extensions thereof and any additional loans or future advances to Debtor heretofore or hereafter made or insured by Secured Party under the then existing provisions of the Consolidated Farm and Rural Development Act or any other act administered by the Farmers Home Administration all with interest, (b) at all times when the note is held by an insured holder, to secure performance of Debtor's agreement herein to indemnify and save harmless Secured Party against loss under its insurance contract by reason of any default by Debtor, (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by Secured Party, with interest, as hereinafter described, and the performance of every covenant and agreement of Debtor contained herein or in any supplementary agreement:

DEBTOR HEREBY GRANTS to Secured Party a security interest in Debtor's interest in the following collateral, including the proceeds and products thereof:

*Item 1.*  All crops, annual and perennial, and other plant products now planted, growing or grown, or which are hereafter planted or otherwise become growing crops or other plant products (a) within the one-year period or any longer period of years permissible under State law, or (b) at any time hereafter if no fixed maximum period is prescribed by State law, on the following described real estate:

| Farm(s) or Other Real Estate *Owner | Approximate No. of Acres | County and State | Approximate Distance and Direction from a Named Town or other Description |
|---|---|---|---|
| A.E. ALBERT FARMS, INC. Reputed new owners being Bernard M. Albert Owner of all land | 389 | Hampshire, MA | (Jones Farms) 1 mi. N of Worthington |
| | 241 | Hampshire, MA | (Huntington Rd. Farm) ½ mi S of Worthington Center |
| | 353 | Hampshire, MA | (Smith Farm) 1 mi SW of Worthington Center |
| | 30 | Hampshire, MA | (Alexander Farm) 1 mi SW Worthington Center |
| | 90.14 | Franklin, MA | 6 mi W. of Ashfield Cen |
| | 436.5 | Hampshire, MA | 1 mi E of Plainfield Cen |
| | 261.9 | Franklin, MA | 1 mi E. of Hawley Center |
| | 148.5 | Hampshire, MA | 2 mi S of Cummington Cen |
| Culbro Corp. | 140 | Hartford, CT | In and around the Towns of East Granby, Bloomfie and Windsor |
| Combustion Engineering Inc. | 180 | Hartford, CT | In and around the Towns Windsor & Bloomfield |

Including all peanut and tobacco poundage allotments existing on or leased and transferred or to be leased and transferred to the above described farms as well as any proceeds derived from the conveyance or lease and transfer by the debtors to any subsequent party.

*Owner shown in related Financing Statement, except if informed of ownership change show reputed new owner.

*Ex. H*

FmHA 440-4 (Rev. 6-21-83)

*Item 2.*   All farm and other equipment (except small tools and small items of like type unless described below), and inventory, now owned or hereafter acquired by Debtor, together with all replacements, substitutions, additions, and accessions thereto, including but not limited to the following:

| Line No. | Quantity | Kind | Manufacturer | Size and Type | Condition | Year of manufacture | Serial or Motor No. |
|----------|----------|------|--------------|---------------|-----------|---------------------|---------------------|
|          |          | SEE ATTACHED SCHEDULE "A" |              |               |           |                     |                     |

Any fixture described above is affixed or is to be affixed to the real estate described in *Item 1* hereof.

*Item 3.*   All livestock (except livestock and poultry kept primarily for subsistence purposes), fish, bees, birds, furbearing animals, other animals produced or used for commercial purposes, other farm products, and supplies, now owned or hereafter acquired by Debtor, together with all increases, replacements, substitutions, and additions thereto, including but not limited to the following:

| Line No. | Quantity | Kind-sex | Breed | Color | Weight, average weight | Age or age Range | Brands or other identification |
|----------|----------|----------|-------|-------|------------------------|------------------|-------------------------------|
|          |          |          |       |       |                        |                  |                               |

SCHEDULE "A"

| QTY. | DESCRIPTION | |
|---|---|---|
| | | EXEC. OFFICE |
| 2 | 36" 5D Met. Lateral File Cab's | |
| | 36" 2D Met. Lateral File Cab's | |
| 2 | 36" Met. Cab's W/Sl. Doors | |
| | 72" Met. Sec. Desk W/48" Return | |
| | 72" D.P. Met. Desk | |
| 2 | Ass't Sec. Chairs | |
| | Exec. Chair | |
| | Victor Elec. Print. Calc. M/N 1900 | |
| | BMC Elec. Print. Dig. Calc. M/N 1010PD | |
| | 2 Wheel Hand Truck | |
| | Uph. Chair | |
| | | SEC. OFFICE |
| 2 | 72" Met. Sec. Desk W/Form. Top | |
| 4 | 4D Met. File Cab's W/Locks | |
| 2 | 36" Met. Cab's W/Sl. Doors | |
| | SCM Port. Elec. Type. Mod. Enterprise II | |
| | BMC Elec. Dig. Print. Calc. M/N 1212 PDS | |
| | Apsco Elec. Pencil Sharpener | |
| | Citizen Elec. Print. Dig. Calc. M/N 124PD | |
| 2 | Sec. Chairs | |
| | SCM Port. Elec. Type. M/N 2200 | |
| | Paymaster Checkwriter | |
| | 12" Paper Cutter | |
| | 36" Office Table W/Form. Top | |

QTY.    DESCRIPTION

White Oliver 12' Harrow

Gouland & Smith 5' Hyd. Rock Picker

2    14' Truck Stake Bodies

Allis-Chalmers 4 Row Corn Planter

Dahlman Potato Harvester M/N TSC S/N 65090

Dahlman Potato Harvester M/N TSC S/N 67012

Dahlman Potato Harvester M/N TQE S/N 4629 W/Stationar Boom

BEN ALBERT'S HOUSE

Holiday Rambler 20' Travel Trailer

1967 Oliver 1850 Row Tractor, Diesel S/N 191-822-422

1967 Oliver 185. Row Tractor, Diesel 4WD

Farm-All H Row Tractor, Gas

200 Gal. Polyprop. Tag-A-Long 14 row Sprayer W/Retractable Boom

Comet Riding Rotary Mower, Gas

Goodall Start-All Generator M/N 708, Gas

QTY     DESCRIPTION

                                SHED

Dahlman Potato Harvester M/N TSC S/N 65000
W/Oliver 88 Diesel Tractor

John Deere Grain Combine M/N 4420 Diesel,
Enclosed Cab W/JD 213 Grain Head 189 Hours

1966 Oliver 1850 Diesel Tractor 6 Cyl. M/N 83-295
W/ARPS Scraper Blade & Plow M/N AB400

1949 I-H Farmall Tractor, Type H 3 Wheel, Gas

1955 John Deere 60 Tractor, Gas

1966 John Deere 3020 Diesel, Row Tractor

Bulk Seed Loader, Port. 12' x 18" Conveyor M/D

Central Tractor 12 ton Hyd. Tag-A-Long Log Splitter

Queen Bee Port. Kerosene Space Heater

                        NEXT SHED

Dilts Wetzel 6' Potato Seed Cutter

                        FIELD

250 Gal. Fiberglass Spray W/Stor. Tank

2     2 Row Potato Cultivators

Caterpillar Grader - Junk

White 12' Wheelharrow W/3 pt. Hitch

8' x 5' Tag-A-Long Dump Cart

9' Lime Spreader

Schneider 1650 gal. Polyurethene Water Storage Tank

Thermo-King Diesel Reefer

1968 Oliver 4 WD Tractor M/N 1850, Diesel M/N 285-8210

Oliver White 5 Bottom Plow M/N 508 S/N 10956

Oliver 77 Row Tractor, Diesel

QTY.    DESCRIPTION

2       Jonsarader 18" Chain Saws, Gas M/N 630

        McCullogh 12" Chain Saw, Gas M/N 35

        B & B 7¼" Elec. Circ. Saw

        4' x 6' Port. Mag. Dock Plate

5       4' x 4' Wood Potato Crates

lot     Ass't Hand Tools, Creepers, Lube Guns, Jacks,
        Air & Water Hose, Shovels, Booms, Fire Ext. etc.

                          YARD
        20' Met. Stor. Box W/Contents Including Oils,
        Lubricants, Filters, etc.

                       MAINT. BARN
        1966 Oliver 1850 Tractor, Diesel 15.5-38 Tires rear
        8:00-15 Front

        Prentice 14" x 42" B.C. Engine Lathe

        Chicago 10" H.D. D.E. Bench Grinder 2 hp 1 ph

        6" H.D. Swivel Bench Vise

        7" H.D. Bench Vise

        7' H.D. Steel Welding Table

        C-M ¼ ton Chain Fall

        Red Arrow 20 ton Hyd. Press S/N 8545

lot     Ass't Fasteners including Nuts, Bolts, Screws,
        Washers, etc. W/Cab's.

        8' 4 Tier H.D. Met. Rack W/Contents

        Port. Lube Unit

        Electro Magic Steam Cleaner

                        NEXT SHED
        1962 Ford 800 6 Wheel Chassis W/Agway Spreader
        ID#F80EU837962

        I-H McCormik Farmall 560 Row Tractor Gas 12.4-38 Tires rear

        John Deere Circ. Spreader W/3 pt. Hitch S/N C392

QTY.    DESCRIPTION

2       Ass't Gas Pumps

        Hand Milling Mach. M/D

        H.D. Drill Press, Fl. Type M/D

35      Ass't Truck Tires

        John Deere 12' Harrow M/N 214

        1982 Tag-A-Long Thomas Potato Harvester M/N 630
        Series 80-63005 S/N 70012

        1973 Oliver 2255 Row Tractor W/ A/C Enclosed Cab
        Cat 3150 Diesel S/N 240399713 20.8-38 Tires rear

        Galvin Road Grader M/N 201 S/N G25991A

        Haines Planter Feeder W/Hyd's S/N 82150 16 hp Gas

        Seed Feeder 10' x 18" Conv. M/D

        Lockwood Rock Eliminator 12" x 4' Blower W/International
        UB-240 Power Plant

2       Airplane Jacks

        Seed Cutter

        1977 Oliver White 2-105 Row Tractor, Diesel
        M/N 205-22152 S/N 280497-40

        John Deere 8 Bottom Plow W/3 pt. hitch

        Allied Tag-A-Long Auger M/N CG13476 S/N A6206702

        200 Gal. Polyprop. Chem. Stor. Tank

        Crate Dumper

        1970 GMC 5500 18' Stake Dump Body 5 sp. Trans.
        2 sp. Axles

        1974 Ford 800 10 Wheel Truck W/Bulk Body 15 ton cap.

3       Red 10 Wheel Trucks W/Body 10 ton cap.

        GMC 6 Wheel Truck W/Bulk Body 7½ ton cap.

        White Oliver 8 Bottom Hyd. Plow M/N 575

QTY.    DESCRIPTION

6       2D Met. File Cab's W/Form. Tops

        Royfax Bond Paper Copier M/N 115

        Uph. Side Chair

                          RECEPTION

        60" Met. Sec. Desk W/48" Return

        Exec. Chair

2       4D Met. File Cabs.

        SCM Port. Elec. Typewriter M/N 8000

        Citizen Dig. Print. Elec. Calc. M/N 128 DP

        Uph. Recliner

        Canadian Uph. Rocker

        55" D.P. Met. Desk

        Exec. Chair (Black)

        Exec. Chair (Orange)

        4D Met. File Cab.

2       Uph. Side Chairs

        Dry Chem. Fire Ext.

                          STORAGE SHED

        Bolens. Rot. Mower Gas

        Simplex Elec. Time Clock

        60" D.P. Met. Desk          REPAIR GARAGE

        Melroe Bob Cat Propane M/N 444 2173 hours S/N 30420
        Gas Motor Rebuilt 84

        Port. Lube Unit

        Walker Port. Trans. Jack 2000 lb. cap.

        1970 Kenworth Tandem Cab-over Flat Bed Potato Harvester
        Truck 318 Cummins 38,000 lb. rears ID#211898 453,934 Miles

QTY.   DESCRIPTION

Miller Two Fifty Twin AC/DC Port. Arc Welder
S/N 72-643151

Hyd. Jack

Cut & Weld Outfit W/Carrier

Mil. 3/8" H.D. Elec. Drill

B & D H.D. Elec. Grinder

Dahlman 4 Row Potato Planter W/3 pt. hitch M/N PP
S/N 00876

2     McConnell 2 Row Potato Planters M/N 555

Michigan Wheel, Loader, Diesel Enclosed Cab
M/N 125-AG S/N 12916

Silver Beauty 6 & 12 Volt Port. Batt. Charger

36" Potato Grader 1.5 hp 3 ph

Seed Cutter

Homemade Hyd. Crate Dumper W/Hopper

Haines Potato Hopper, 25 bag cap.

30' Potato Grader, M/D

Port. Potato Crate Loader W/Conveyor

1972 John Deere 4020 Row Tractor Diesel, 18:4-34 Tires
rears 10:00-16 Front

Haines Port. 40' Belt Conveyor, 16" width

4 Wheel Port. Crate Loader 20' x 12" W/6' Feed + 4
Way Control

8' Port. Manual Potato Grading Table

Bobstitch Port. Air Compr. ½ hp 1 ph

Hotsey Port. Steam Cleaner, Kerosene

Fram Port. High Pressure, Washer

DESCRIPTION

Haines 24" x 8' Potato Grader 8' Bed

150 Gal. Tag-A-Long Polyprop. Water Stor. Tank

4' x 4' x 4' Crates

Homemade 14 Row Hyd. 300 Gal. Sprayer W/Polyprop. tank

Delta 24" Band Saw

Port. Humidifier

McConnel 2 Row Tag-A-Long Planter

Prop. Heater

Wort. Twin Cyl. Air Compr. 3 hp 3 ph

1978 GMC 15 Sierra Pick-up 4 WD W/Tool Box AT ID#TKL1481516013 66,760 Miles

1962 Ford 800 6 Wheel Dump Truck 5 yd. cap., Gas 5 Sp. 2 Sp. Axle 11,985 Miles

1965 Chev. 60 16' Diamond Plate Flat Beds W/McConnel Bulk Bodies 10 ton cap.

Dahlman Potato Harvester M/N TSC S/N 66140

Dahlman Potato Harvester M/N TSC S/N 65026

GMC 6 Wheel Trucks W/McConnel 7½ ton Bulk Bodies

1963 GMC 5000 10 Wheel Truck W/McConnel 10 ton Bulk Body

1963 GMC 3000 6 Wheel Truck W/7½ ton Bulk Body

1964 White Mustang 10 Wheel Truck W/10 ton Bulk Body

McConnel 2 Row Potato Seeder

SHOP

Clark Forklift Truck, 3000 lb. cap. Prop. Sol. Tires

Hyd. Floor Jack

| QTY. | DESCRIPTION |
|------|-------------|
|      | 1966 John Deere 3020 Row Tractor Diesel |
|      | Worth Air Compr. 5 hp 1 ph |
|      | 12 ton Hyd. Press |
|      | Cut & Well Outfit W/Carrier |
|      | Creeper |
|      | 1952 Hough Payloader, Gas M/N HR |
|      | Durmand 15" Drill Press, Fl. Type 3/4 hp 1 ph |
|      | Marquette Batt. Charger, 6 & 12 Volt |
| 2    | Agway Batt. Chargers, 6 & 12 Volt |
|      | Mopar Battery Tester |
|      | Anvil |
|      | Dunlap 8" D.E. Grinder M/D |
|      | 5" H.D. Bench Vise W/12' Work Bench |
| Lot  | Ass't Fasteners, Hand Tools, Hose, Chain Binders |
|      | Marquette AC/DC Arc Welder |
|      | Port. Space Heater, Kerosene |
|      | McCulloch 18" Chain Saw, Gas M/N 70 |
|      | McCulloch 16" Chain Saw, Gas M/N 610 |
|      | Port. 150 Amp. Elec. Service |
|      | Homelite Weed Eater |
|      | McCulloch 12" Chain Saw, Gas |

QTY.    DESCRIPTION

800     4' x 3½' x 3½' Wood Crates

        4' x 5' Port. Dock Plate

        Clark Elec. Forklift Truck 2500 lb. cap.
        106" lift, Sol. Tires

        Hertner Batt. Charger

        Homemade Port. Crate Dumper 3000 lb. cap.

        Haines 24" Port. Crate Filler

        Haines Port. 40' x 16" Belt Conveyor

*Con~*

QTY.    DESCRIPTION

STORAGE SHED

1968 John Deere 4020 Row Tractor, Gas

Port. Air Compr. 1½ hp 1 ph

Hobart Tag-A-Long AC/DC Welder, Gas

lot    Ass't Tools, Work Tables, Vises, Hose, Parts, etc.

ARPS 8' Straight Plow M/N AB4-5 S/N 2214

12' Tag-A-Long Irrigation Pipe Trailer

Ford 60" Rotary Grass Cutter W/3 pt. Hitch

McConnell 12' 3 Section Harrow 3 pt. Hitch

John Deere Seeder

John Deere Disk Harrow

Dahlman Potato Harvester M/N TSE S/N 5013
W/McCormick Farmall 706 Tractor, Gas

Dahlman Potato Harvester M/N TSE1 S/N 4870
W/McCormick Farmall 460 Tractor, Gas

FMC 22 Row Sprayer W/Hyd. Retractable Boom & 600
Gal. Tank

Tag-A-Long Bulk Body, 7½ ton cap.

GMC 6 Wheel Truck W/Bulk Body 7½ ton cap.

Lilliston-Leham Rolling Cultivator S/N 106291

Newport 45' Alum. Office Trailer

Gorman-Rupp Tag-A-Long 4" Pump W/Diesel Power Plant

Hydro Engineering Traveling Irrigation System
W/660' Hose M/N H81 S/N 1627

Reo 10 Wheel Truck W/Bulk Body 10 ton cap.

QTY.    DESCRIPTION

       40' x 16" Belt Conveyor Potato Truck Loader &
       Grader M/D

126    Lengths 20' x 6" Alum. Irrigation Pipe

6      Lengths 30' x 7" Alum. Irrigation Pipe

       McConnell 34' Tandem Bulk Trailer, 22 ton cap.



*Item 4.*   All accounts, contract rights and general intangibles, ~~as follows~~, including, but not limited to FCIC coverage.

### III.  DEBTOR WARRANTS, COVENANTS, AND AGREES THAT:

A.   Debtor is the absolute and exclusive owner of the above-described collateral, and any marks or brands used to describe livestock are the holding brands and carry the title, although the livestock may have other marks or brands, and such collateral is free from all liens, encumbrances, security and other interests except (1) any existing liens, encumbrances, security or other interests in favor of Secured Party which shall remain in full force and effect, (2) any applicable landlord's statutory liens, and (3) other liens, encumbrances, security or other interests, as follows:

BANK OF NEW ENGLAND-WEST   – JUNIOR LIEN

and Debtor will defend the collateral against the claims and demands of all other persons. Reference to the above liens, encumbrances, security and other interests is for warranty purposes only and does not indicate their priority.

B.   Statements contained in Debtor's loan application(s) are true and correct; and Debtor will (1) use the loan funds for the purposes for which they were or are advanced, (2) comply with such farm and home management plans as may be agreed upon from time to time by Debtor and Secured Party, (3) care for and maintain the collateral in a good and husbandlike manner, (4) insure the collateral in such amounts and manner as may be required by Secured Party, and if Debtor fails to do so, Secured Party, at its option, may procure such insurance, (5) permit Secured Party to inspect the collateral at any reasonable time, (6) not abandon the collateral or encumber, conceal, remove, sell or otherwise dispose of it or of any interest therein, or permit others to do so, without the prior written consent of Secured Party, and (7) not permit the collateral to be levided upon, injured or destroyed, or its value to be impaired, except by using harvested crops in amounts necessary to care for livestock covered hereby.

C.   Debtor will pay promptly when due all (1) indebtedness evidenced by the note and any indebtedness to Secured Party secured hereby, (2) rents, taxes, insurance premiums, levies, assessments, liens, and other encumbrances, and costs of lien searches and maintenance and other charges now or hereafter attaching to, levied on, or otherwise pertaining to the collateral or this security interest, (3) filing or recording fees for instruments necessary to perfect, continue, service, or terminate this security interest, and (4) fees and other charges now or hereafter required by regulations of the Farmers Home Administration. At all times when the note is held by an insured holder, Debtor shall continue to make payments on the note to Secured Party, as collection agent for the holder.

D.   If the note is insured by Secured Party, Debtor will indemnify and save harmless Secured Party against any loss by reason of any default by Debtor.

E.   At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by Secured Party to the holder of the note for the account of Debtor. Any amount due and unpaid under the terms of the note, whether it is held by Secured Party or by an insured holder, may be credited by Secured Party on the note and thereupon shall constitute an advance by Secured Party for the account of Debtor. Any advance by Secured Party as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to Secured Party, provided that Borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

F.    Whether or not the note is insured by Secured Party, Secured Party may at any time pay any other amounts required herein to be paid by Debtor and not paid when due, including any costs and expenses for the preservation or protection of the collateral or this security interest, as advances for the account of Debtor. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

G.    All advances by Secured Party as described in this instrument, with interest, shall be immediately due and payable by Debtor to Secured Party without demand at the place designated in the latest note and shall be secured hereby. No such advance by Secured Party shall relieve Debtor from breach of the covenant to pay. Any payment made by Debtor may be applied on the note or any indebtedness to Secured Party secured hereby, in any order Secured Party determines.

H.    In order to secure or better secure the aforesaid obligations or indebtedness, Debtor will execute and deliver to Secured Party at any time, upon demand, such additional security instruments on such real and personal property as Secured Party may require.

IV.    IT IS FURTHER AGREED THAT:

A.    Until default Debtor may retain possession of the collateral.

B.    Default shall exist hereunder if Debtor fails to perform or discharge any obligation or to pay promptly any indebtedness hereby secured or to observe or perform any covenants or agreements herein or in any supplementary agreement contained, or if any of Debtor's representations or warranties herein prove false or misleading, or upon the death or incompetency of the parties named as Debtor, or upon the bankruptcy or insolvency of anyone of the parties named as Debtor. Upon any such default.

1.    Secured Party, at its option, with or without notice as permitted by law, may (a) declare the unpaid balance on the note and any indebtedness secured hereby immediately due and payable, (b) enter upon the premises and take possession of, cultivate and harvest crops, repair, improve, use, and operate the collateral or make equipment unusable, for the purpose of protecting or preserving the collateral or this lien, or preparing or processing the collateral for sale, and (c) exercise any sale or other rights accorded by law.

2.    Debtor hereby (a) agrees to assemble the collateral and make it available to Secured Party at such time(s) and place(s) as designated by Secured Party, and (b) waives all notices, exemptions, compulsory dispostion and redemption rights.

3.    A default shall exist under any other security instrument held or insured by Secured Party and executed or assumed by Debtor on real or personal property. Likewise, default under any such other security instrument shall constitute default hereunder.

C.    Proceeds from disposition of collateral shall be applied first on expenses of retaking, holding, preparing for sale, selling and the like and for payment of reasonable attorneys' fees and legal expenses incurred by Secured Party, second to the satisfaction of prior security interests or liens to the extent required by law and in accordance with current regulations of the Farmers Home Administration, third to the satisfaction of indebtedness secured hereby, fourth to the satisfaction of subordinate security interests to the extent required by law, fifth to any other obligations of Debtor owing to or insured by Secured Party, and sixth to Debtor. Any proceeds collected under insurance policies shall be applied first on advances and expenditures made by Secured Party, with interest, as hereinabove provided, second on the debt evidenced by the note, unless Secured Party consents in writing to their use by Debtor under Secured Party's direction for repair or replacement of the collateral, third on any other obligation of Debtor owing to or insured by Secured Party, and any balance shall be paid to Debtor unless otherwise provided in the insurance policies. Debtor will be liable for any deficiency owed to Secured Party after such disposition of proceeds of the collateral and insurance.

D.    It is the itent of Debtor and Secured Party that to the extent permitted by law and for the purpose of this Agreement, no collateral covered hereby is or shall become realty or accessioned to other goods.

E.    This Agreement is subject to the present regulations of the Secured Party and to its future regulations not inconsistent with the express provisions hereof.

F.    If any provision of this Agreement is held invalid of unenforceable, it shall not affect any other provisions hereof, but this Agreement shall be construed as if it had never contained such invalid or unenforceable provision.

G.    The rights and privileges of Secured Party under this Agreement shall inure to the benefit of its successors and assigns. All covenants, warranties, representations, and agreements of Debtor contained in this Agreement are joint and several and shall bind personal representatives, heirs, successors, and assigns.

H.    If at any time it shall appear to Secured Party that Debtor may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Debtor will, upon Secured Party's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

I.    Secured Party shall have the sole and exclusive rights as the secured party hereunder, including but not limited to the power to grant or issue any consent, release, subordination, continuation statement or termination statement, and no insured holder shall have any right, title, or interest in or to the security interest created by this Agreement or any benefits hereof.

J.    Secured Party will make or insure future loans or advances to Debtor to enable Debtor to raise or harvest farm crops or raise livestock or other animals, provided funds are available and the Debtor meets all then current requirements imposed by regulations of the Secured Party.

K.    SECURED PARTY HAS INFORMED DEBTOR THAT DISPOSAL OF PROPERTY COVERED BY THIS SECURITY AGREEMENT WITHOUT THE CONSENT OF SECURED PARTY, OR MAKING ANY FALSE STATEMENT IN THIS SECURITY AGREEMENT OR ANY OTHER LOAN DOCUMENT, MAY CONSTITUTE A VIOLATION OF FEDERAL CRIMINAL LAW.

L.    Failure by the Secured Party to exercise any right--whether once or often--shall not be construed as a waiver of any covenant or condition or of the breach thereof. Such failure shall also not affect the exercise of such right without notice upon any subsequent breach of the same or any other covenant or condition.

_Bernard M. Albert Pres._ (SEAL)
BERNARD M. ALBERT, PRES. (A.E. ALBERT & SONS, INC) _(Debtor)_

_Bernard M. Albert_ (SEAL)
BERNARD M. ALBERT (INDIVIDUAL) _(Debtor)_

MA SOC   Filing Number: 200107256700   Date: 11/30/2001 11:15:00 AM

**EXHIBIT**

I

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
Beverly Rice   413-585-1000 X 2

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

USDA, FARM SERVICE AGENCY
243 KING STREET, ROOM 212
NORTHAMPTON, MA 01060

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| ALBERT | BERNARD | M | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| P.O. BOX 265 | WORTHINGTON | MA | 01098 | USA |

| 1d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION | 1g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| ██████8784 | | | | ☐ NONE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 2d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION | 2g. ORGANIZATION ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3a. ORGANIZATION'S NAME
USDA, FARM SERVICE Agency

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 243 King ST, Rm 212, | NorthampTon | MA | 01060 | USA |

4. This FINANCING STATEMENT covers the following collateral:

ALL CROPS AND EQUIPMENT.

THIS IS AN "IN LIEU" FILING TO CONTINUE CURRENTLY EFFECTIVE FINANCING STATEMENTS FILE IN THE OFFICE
OF THE TOWN CLERK OF THE FOLLOWING:

TOWN OF WORTHINGTON, MASSACHUSETTS WITH A FILING NUMBER OF FILE a #7; ORGINAL FILED 9/22/1978;
TOWN OF ASHFIELD, MASSACHUSETTS WITH A FILING NUMBER OF #670: ORIGINAL FILED 9/22/1978;
TOWN OF PLAINFIELD, MASSACHUSETTS WITH A FILING NUMBER OF #195-A; ORGINAL FILED 9/23/1978;
TOWN OF CUMMINGTON, MASSACHUSETTS WITH A FILING NUMBER OF #35; ORGINAL FILED 9/25/1978;
TOWN OF HAWLEY, MASSACHUSETTS WITH A FILING NUMBER OF #4; ORGINAL FILED 12/23/1978.

| 5. ALTERNATIVE DESIGNATION [if applicable]: | ☐ LESSEE/LESSOR | ☐ CONSIGNEE/CONSIGNOR | ☐ BAILEE/BAILOR | ☐ SELLER/BUYER | ☐ A.G. LIEN | ☐ NON-UCC FILING |
|---|---|---|---|---|---|---|

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.   Attach Addendum [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]   [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

8318-20-0
FILING OFFICE COPY - NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 07/29/98)

Ex. I

...NCING STATEMENT – This Financing Statement is presented to Filing Officer for filing pursuant to the UCC:

...r(s) (Last Name First) and Address(es)

THE A.E. ALBERT & SONS, INC.
HUNTINGTON ROAD
WORTHINGTON, MA  01098

**SECURED PARTY**
UNITED STATES OF AMERICA
acting through
FARMERS HOME ADMINISTRATION
**Four Whalley Street**
**Hadley, MA  01035**
(County Office Address)

For Filing Officer (Date  Time, Nu...
and Filing Office)

File A     #7
Sept. 22, 1978
10:30 A.M.

Joan A. Donovan
Town Clerk
Worthington, Ma.

1. This Financing Statement covers the following types or items of collateral, including proceeds and products thereof:
(a) Crops, livestock, other farm products, farm and other equipment, supplies and inventory.
(b)
2. Disposition of such collateral is not hereby authorized.
3. Crops covered hereby are growing or are to be grown on, and any goods described in 1 (b) above which are or are to become fixtures are to be affixed to, the following-described real estate:

Farm(s) or Other Real Estate Owner

| | Approximate No. of Acres | County and State | |
|---|---|---|---|
| A.E. Albert Farms Inc. owner of all land listed total acres 1013 | 389 | Hampshire, MA | (Jones Farm) 1 mi N of Worthington |
| | 241 | " | (Huntington Rd Farm) 1/2 mi S of Worthington centr... |
| | 353 | " | (Smith Farm) 2 mi S of Worthington Cent... |
| | 30 | " | (Alexanders Farm) 1 mi SW of Worthington |

Approximate Distance and Direction From a Named Town or Other Description

Filed with: ☒ Filing Office in **Worthington , Hampshire**                    County                    ☐ Secretary of State

THE A.E. ALBERT & SONS, INC (Signature of Debtor)
by BERNARD M. ALBERT, PRESIDENT
(Signature of Debtor)

UNITED STATES OF AMERICA
By Kenneth Lynch
Title County Supervisor
FARMERS HOME ADMINISTRATION

(3) Filing Officer Copy—Acknowledgment. Filing Officer is requested to note file number, date and hour of filing on this copy and return to the secured party, as an acknowledgment. ● Record owner if required by State Law, otherwise reprinted ...

USDA-FHA FORM FHA 440A25 (Re...
FORM UCC-1 UNIVERS...

Form FmHA 462-12
(Rev. 9-6-78)

STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

| This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code | No. of additional sheets presented: | 3. Maturity date (if any) |
|---|---|---|
| 1. Debtor(s): (Last name first, and mailing address(es)) A.E. ALBERT & SONS, INC. HUNTINGTON ROAD WORTHINGTON, MA 01098 | 2. SECURED PARTY UNITED STATES OF AMERICA acting through FARMERS HOME ADMINISTRATION Four Whalley Street Hadley, MA 01035 (County Office Address) | FOR FILING OFFICER ONLY (Date, time, number and filing office) July 11, 1983 9 A.M. #66 Town Clerk B. Althea Mason |

4. This Statement refers to original Financing Statement No. _____ File A #7
Filed with Town Clerk, Worthington Date filed 9-22-78 19 78

5. ☑ Continuation. The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above is still effective.

6. ☐ Termination. Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment. The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ Amendment. Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ Partial Release Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

By _____ UNITED STATES OF AMERICA
William C. Gouzor
Title County Superv'
FAP'

By: _____
Signature(s) of Debtor(s) (necessary only if Item 8 is applicable)

(3) Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to Coun'

---

USDA-FmHA
Form FmHA 462-12
(Rev. 9-6-78)

STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.    APR 6 1988

| This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code | No. of additional sheets presented: | 3. Maturity date (if any) |
|---|---|---|
| 1. Debtor(s): (Last name first, and mailing address(es)) A.E. ALBERT & SONS HUNTINGTON ROAD WORTHINGTON, MA 01098 | 2. SECURED PARTY UNITED STATES OF AMERICA acting through FARMERS HOME ADMINISTRATION FOUR WHALLEY STREET HADLEY, MA 01035 (County Office Address) | FOR FILING OFFICER ONLY (Date, time, number and filing office) ## 158 4-1-88 9AM B. Althea Mason Town Clerk |

4. This Statement refers to original Financing Statement No. _____ FILE A #7
Filed with TOWN CLERK, WORTHINGTON Date filed SEPTEMBER 22 19 78

5. ☑ Continuation. The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above, is still effective.

6. ☐ Termination. Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment. The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ Amendment. Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ Partial Release Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

By _____ UNITED STATES OF AMERICA
PETER F. LAURENZA
Title County Supervisor        FARMERS HOME ADMINISTRATION

By: _____
Signature(s) of Debtor(s) (necessary only if Item 8 is applicable)

(3) Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to County Office.        FmHA 462-12 (Rev. 9-6-78)

USDA-FmHA
Form FmHA 462-12
(Rev. 10-85)

**STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.**

| This STATEMENT is presented to filing officer for filing pursuant to the Uniform Commercial Code. | No. of additional sheets presented: | Maturity date (if any) |
|---|---|---|

| 1. Debtor(s) (Last name first) and mailing address(es) | 2. Secured Party | 3. For Filing Officer (Date, time, number and filing office) |
|---|---|---|
| Bernard M. Albert<br>DBA A.E. Albert and Sons<br>Huntington Road<br>Worthington, MA 01098 | UNITED STATES OF AMERICA<br>acting through<br>FARMERS HOME ADMINISTRATION<br>243 King St., Room 24<br>Northampton, MA 01060<br>*(County Office Address)* | # 248<br>6-5-13 9 A M<br>B. Athea Mason<br>Town Clerk<br>Worthington Ma |

4. This Statement refers to original Financing Statement No. **File A #7**
   Filed with **Town Clerk, Worthington** Date filed **September 22**, 19 **78**

5. ☒ **Continuation.** The original financing statement between the foregoing Debtor(s) and Secured Party, bearing the number shown above, is still effective.

6. ☐ **Termination.** Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ **Assignment.** The secured party's right under the financing statement bearing file number shown above to the property described in item 10 have been assigned to the assignee whose name and address appears in item 10.

8. ☐ **Amendment.** Financing Statement bearing file number shown above is amended as set forth in Item 10.

9. ☐ **Partial Release** Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

UNITED STATES OF AMERICA

By _____

**PETER P. LAURENZA**

Title **County Supervisor**
FARMERS HOME ADMINISTRATION

By _____
*Signature(s) of Debtor(s) (necessary only if Item 8 is applicable)*

(3) Filing Officer Copy Acknowledgement
Filing Officer returns this copy to County Office.

FmHA-462-12 (Rev. 10-85)

USDA-FmHA
Form FmHA 462-12
(Rev. 10-85)

## STATEMENTS OF CONTINUATION, PARTIAL RELEASE, ASSIGNMENT, ETC.

This STATEMENT is presented to filing officer for filing
pursuant to the Uniform Commercial Code

| 1. Debtor(s): *(Last name first, and mailing address(es)* | No. of additional sheets presented: | 3. Maturity date *(if any)* |
|---|---|---|
| Bernard M. Albert<br>DBA A.E. Albert and Sons<br>Huntington Road<br>Worthington, MA 01098 | 2. **SECURED PARTY**<br>UNITED STATES OF AMERICA<br>acting through<br>~~Farmers Home Administration~~ Farm Service Agency<br>243 King St   Rm # 12<br>Northampton, MA  01060<br>*(County Office Address)* | FOR FILING OFFICER ONLY *(Date, time, number and filing office)*<br>6/8/98  #33.2<br>Worthington<br>Town Hall |

4. This Statement refers to original Financing Statement No. __File A #7__
Filed with __Town Clerk, Worthington__ Date filed __September 22_____ 19 78

5. ☒ Continuation.  The original financing statement between the foregoing Debtor(s) and Secured Party, bearing file number shown above, is still effective.

6. ☐ Termination.  Secured party no longer claims a security interest under the financing statement bearing file number shown above.

7. ☐ Assignment.  The secured party's right under the financing statement bearing file number shown above to the property described in Item 10 have been assigned to the assignee whose name and address appears in Item 10.

8. ☐ Amendment.  Financing Statement bearing file number shown above is amended as set forth in Item 10:

9. ☐ Partial Release Secured Party releases the collateral described in Item 10 from the financing statement bearing file number shown above.

10.

By: _____
*Signature(s) of Debtor(s) (necessary only if Item 8 is applicable)*

By _____  UNITED STATES OF AMERICA
Randy I. Kleiner
Title __Agricultural Credit Manager__
FARMERS HOME ADMINISTRATION

Filing Officer Copy-Acknowledgement
Filing Officer returns this copy to County Office.    FmHA 462-12 (Rev. 10-85)



**FARM SERVICE AGENCY**
**445 WEST STREET**
**AMHERST, MA  01002**

**INDEBTEDNESS AS OF  03/02/05**
**(PER ADPS)**



**NAME:**    ALBERT, BERNARD M.

**CASE NUMBER:**    25-008-■■■■8784

| FUND CODE/ LOAN NO. | DATE OF LAST PAYMENT | UNPAID PRINCIPAL | UNPAID INTEREST | DAILY INTEREST ACCRUAL | DELINQUENT AS OF: 03/02/05 |
|---|---|---|---|---|---|
| 43-32 | 00/00/00 | $ 128,403.74 | $ 188,277.41 | $ 15.8306 | $ 303,226.0) |
| 43-33 | 11/06/98 | 2,535.67 | 480.59 | .2084 | 3,016.2 5 |
| 43-35 | 10/28/99 | 108,171.18 | 142,071.05 | 30.2000 | 211,043.3 4 |
| 43-36 | 04/05/94 | 151,347.33 | 200,701.44 | 40.5205 | 279,801.3 !» |
| 43-37 | 00/00/00 | 115,428.90 | 84,262.57 | 13.3259 | 87,870.(0 |
| 43-38 | 00/00/00 | 85,540.66 | 62,506.87 | 9.9350 | 60,030.(0 |
| 29-39 | 12/29/93 | 166,655.56 | 158,267.99 | 35.9130 | 286,015.02 |
| 43-88 | 00/00/00 | 1,209.00 | 158.13 | .3644 | 1,367.13 |
| 43-89 | 00/00/00 | 2,400.00 | 404.32 | .7233 | 2,804.32 |
| 43-90 | 00/00/00 | 20.00 | 7.26 | .0060 | 27.26 |
| 43-91 | 01/28/00 | 87,927.08 | 49,234.35 | 26.4986 | 137,161.43 |
| 43-92 | 00/00/00 | 96,694.06 | 70,054.18 | 29.1407 | 166,748.24 |
| 43-97 | 00/00/00 | 1,750.00 | 362.32 | .1438 | 2,112.32 |
| 43-99 | 00/00/00 | $ 20,908.23 | $ 20,415.60 | $ 6.3011 | $ 41,323.83 |
| | | $978,991.41 | $977,204.08 | $209.1113 | $1,582,546.47 |

$1,956,195.49

CARRIE L. NOVAK
**Farm Loan Chief**

Ex. J

**Commonwealth of Massachusetts**

ss.

**County of Hampshire**

On this 2nd day of March, 2005, before me, the undersigned Notary Public, personally appeared Carrie L. Novak, proved to me through satisfactory evidence of identification, which was a Massachusetts Drivers License, to be the person whose name is signed on the preceding document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of her knowledge and belief.



JANE ANN RICE
Notary Public

My Commission Expires January 29, 2010

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

BERNARD M. ALBERT

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed    Hampshire   25015
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney'S (Firm Name, Address, and Telephone Number)
CHRISTOPHER R. DONATO, AUSA
1 COURTHOUSE WAY, SUITE 9200
BOSTON, MA 02210
(617) 748-3303

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

X 1 U.S. Government Plaintiff

2 U.S Government Defendant

3 Federal Question (U.S. Government Not a Party)

4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | X 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane   362 Personal Injury – Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability   365 Personal Injury – Product Liability | 625 Drug Related Seizure of Property 21 USC | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander   368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | **PROPERTY RIGHTS** | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine   **PERSONAL PROPERTY** | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability   370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle   371 Truth in Lending | 690 Other | **SOCIAL SECURITY** | 850 Securities/Commodities/ Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability   380 Other Personal Property Damage | **LABOR** | 861 HIA (1395ff) | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury   385 Property Damage Product Liability | 710 Fair Labor Standards Act | 862 Black Lung (923) | 891 Agricultural Acts |
| 195 Contract Product Liability | | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 893 Environmental Matters |
| 210 Land Condemnation | 441 Voting   510 Motions to Vacate Sentence | 740 Railway Labor Act | 865 RSI (405(g)) | 894 Energy Allocation Act |
| 220 Foreclosure | 442 Employment   Habeas Corpus: | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations   530 General | 790 Other Labor Litigation | 870 Taxes (U.S. Plaintiff or Defendant) | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 240 Torts to Land | 444 Welfare   535 Death Penalty | 791 Empl. Ret. Inc. Security Act | 871 IRS – Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 440 Other Civil Rights   540 Mandamus & Other | | | 890 Other Statutory Actions |
| 290 All Other Real Property |   550 Civil Rights | | | |
| |   555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from another district (specify)
6 Multidistrict Litigation
7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. SECTION 1345   The defendant has defaulted on promissory notes and security agreements. The U.S. seeks to secure chattel.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,956,195.49

CHECK YES only if demanded in complaint
JURY DEMAND:   Yes   No

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE   3/29/05   SIGNATURE OF ATTORNEY OF RECORD   Christopher R. Donato

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _United States v Bernard M. Albert_

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)91)).

___ I.    160, 410, 470, r.23, REGARDLESS OF NATURE OF SUIT

___ II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
          740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950

___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891

_X_ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650,
          660, 690, 810, 861-865, 870, 871, 875, 900

___ V.    150, 152, 153

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)).

4. HAS PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?

                                  YES                    (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC § 2403)

                                  YES                    (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

                                  YES                     NO

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC § 2284?

                                  YES                    (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION - (SEE LOCAL RULE 40.1(D)).

                                  (YES)                   NO

   A.  IF YES, IN WHICH DIVISION DO ALL FO THE NON-GOVERNMENTAL PARTIES RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION      (WESTERN DIVISION)

   A.  IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING  GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

       EASTERN DIVISION        CENTRAL DIVISION       WESTERN DIVISION

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME ___Christopher R. Donato,  Assistant United States Attorney_

ADDRESS _____U.S. Attorney's Office, One Courthouse Way, Suite 9200, Boston, MA 02210_

TELPHONE NO. ___617-748-3303_